# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MISGANAW ALEMU, et al., | : | | |
| Plaintiff, | : | Civil Action No.: | 17-1904 (RC) |
| v. | : | Re Document No.: | 25 |
| DEPARTMENT OF FOR HIRE VEHICLES, FORMERLY KNOWN AS DC TAXICAB COMMISSION, et al., | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### DECLINING TO CONSTRUE PLAINTIFF'S LATE NOTICE OF APPEAL AND RESPONSE TO ORDER TO SHOW CAUSE AS A MOTION FOR AND EXTENSION OF TIME

### I. INTRODUCTION

Plaintiff Gashaw Birbo ("Mr. Birbo") attempts to appeal from a dismissal of his case in the United States District Court for the District of Columbia against Defendants Department of For Hire Vehicles and Jeffrey Schaeffer. Mr. Birbo filed his notice of appeal one day after the thirty-day deadline prescribed by Federal Rule of Appellate Procedure 4(a)(1)(A). The United States Court of Appeals for the D.C. Circuit ("Circuit Court") issued an order to show cause ("OSC") directing Mr. Birbo to explain why it should not dismiss his appeal as untimely. Mr. Birbo filed a response. The Circuit Court has now directed this Court to consider whether to construe Mr. Birbo's response to the OSC, combined with his untimely notice of appeal, as a motion for an extension of time to file a notice of appeal ("Motion for Extension"), and if so construed, whether to grant the motion. For the reasons set forth below, this Court declines to construe Mr. Birbo's late notice of appeal and OSC response as a Motion for Extension and would deny such a motion on the merits regardless.

## II. BACKGROUND

This Court dismissed Mr. Birbo's initial case against Defendants on August 21, 2018. Order, ECF No. 23. Mr. Birbo appealed that dismissal on September 21, 2018, one day after his thirty-day deadline prescribed by Federal Rule of Appellate Procedure 4(a)(1)(A). Notice of Appeal, ECF No. 25.

The Circuit Court issued an OSC directing Mr. Birbo to explain why it should not dismiss his appeal as untimely. USCA Case 18-7145, Order, February 1, 2019. Mr. Birbo filed a response to the OSC on March 4, 2019 alleging that he arrived at the Court to file a notice of appeal on September 20, 2018, the last day of his thirty-day deadline. Fed. R. App. P. 4(a)(1)(A); USCA Case 18-7145, Order Resp., March 4, 2019. At the courthouse, Mr. Birbo alleges that a clerk's office employee incorrectly advised him that the deadline for the notice of appeal was not until the following day, September 21, 2018. *Id.* Even though there is no downside to filing an appeal one day early, Mr. Birbo nevertheless implausibly alleges that instead of filing the notice of appeal during his first visit to the courthouse, he came to the courthouse again the following day and filed the appeal one day late. *Id.* This Court will now decide whether to construe Mr. Birbo's late notice of appeal and OSC response together as a Motion for Extension, and if so construed, whether to grant the motion.

## III. ANALYSIS

This Court will not construe Mr. Birbo's late appeal *and* OSC response as a Motion for Extension. Requests for additional time to file an appeal must be made by motion and must be timely. *See* Fed. R. App. P. 4(a)(5)(A). Mr. Birbo failed to meet either of those requirements. But even if this Court did construe Mr. Birbo's late appeal and OSC response as a Motion for

2

Extension, it would deny the motion because Mr. Birbo has failed to establish the requisite excusable neglect or good cause. *See id.*

### A. Mr. Birbo's late notice of appeal and OSC response cannot be construed as a Motion for Extension.

This Court declines to construe Mr. Birbo's late appeal and OSC response as a Motion for Extension because 1) he did not formally move for an extension of time and 2) his OSC response was filed too late.

#### 1. Motion Requirement

This Court will first consider whether Mr. Birbo can obtain an extension of time to file an appeal without making a formal motion for such relief. It concludes that he cannot. Rule 4(a)(5)(A) allows a court to grant a party an extension of time to file an appeal "*if a party so moves*… after the time prescribed by this Rule 4(a) expires[.]" Fed. R. App. P. 4(a)(5)(A) (emphasis added). The old version of Rule 4(a)(5)(A) implied that a district court could grant an extension based on an informal application. *See* Fed. R. App. P. 4 Advisory Committee's Note to the 1979 Amendment. The new version of Rule 4(a)(5)(A) requires that an extension of time be sought by motion. *See id.* ("[t]he [rule requires] that the application must be made by motion"); *see also* Hickey, 987 F. Supp. 2d at 89. The Plaintiff in *Hickey* was denied an extension of time to file an appeal because this Court concluded that his untimely appeal and subsequent pleadings would not suffice in the absence of a formal Motion for Extension. *See id.*

Here, it is unclear whether this Court can construe Mr. Birbo's untimely notice of appeal *and* OSC response together as a Motion for Extension.[1] However, the text of the relevant rule,

---

[1] Although the D.C. Circuit has not considered whether an untimely notice of appeal can be treated as an implicit Motion for Extension under Rule 4(a)(5)(A), all eleven other circuits to have considered the issue have rejected such a notion. *United States ex rel. Green v. Serv. Contract Educ. & Training Tr. Fund*, 863 F. Supp.2d 18, 20–21 (D.D.C. 2012) (collecting cases). So have judges in this district. *Hickey v. Scott*, 987 F. Supp. 2d 85, 89 (D.D.C. 2013);

3

together with its advisory committee's note, suggests that a court may only grant an extension of time to file an appeal when a party files a motion seeking such relief. *See* Fed. R. App. P. 4(a)(5)(A); *see also* Fed. R. App. P. 4 Advisory Committee's Note to the 1979 Amendment. Like the Plaintiff in *Hickey*, Mr. Birbo made no Motion for Extension. Therefore, this Court will not construe Mr. Birbo's late appeal and OSC response as a Motion for Extension.

2. Timeliness Requirement

Moreover, this Court declines to construe Mr. Birbo's late appeal and OSC response as a Motion for Extension because his OSC response was filed too late. A party may move for an extension of time to file an appeal if the party does so no later than thirty days after the expiration of the thirty-day appeal deadline prescribed in Rule 4(a)(1)(A). Fed. R. App. P. 4(a)(5)(A); *see also United States ex rel. Green*, 863 F. Supp. 2d at 20.

Additionally, the Supreme Court has held that court deadlines prescribed by Congress are jurisdictional and that courts may not provide equitable exceptions to jurisdictional deadlines. *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 21–22 (2017). The relevant deadline in this case, Rule 4(a)(5)(A), is prescribed by Congress. *See* 28 U.S.C. § 2107(c). After *Hamer*, several Circuits have held the Rule 4(a)(5)(A) deadline is jurisdictional.[2] *United States v. Kalb*, 891 F.3d 455, 460 (3d Cir. 2018); *Evans v. Greentree Servicing, LLC*, No. 17-6479,

---

*United States ex rel. Green*, 863 F. Supp. 2d at 20–21. There is, however, no authority on whether a court can construe a late notice of appeal *and* an OSC response together as a Motion for Extension.

[2] The D.C. Circuit and Supreme Court have not considered the jurisdictional nature of Rule 4(a)(5)(A) specifically but have each held that deadlines in other subsections of Rule 4(a) are jurisdictional because they were imposed by Congress. *See Bowles v. Russell*, 551 U.S. 205, 213 (2007) (holding that the Rule 4(a)(6) deadline is jurisdictional because Congress imposed it in 28 U.S.C. § 2107(c)); *see also Mobley v. C.I.A.*, 806 F.3d 568, 578 (D.C. Cir. 2015) (holding that the Rule 4(a)(1)(B) deadline is jurisdictional because Congress imposed it in 28 U.S.C. § 2107(b)).

4

2018 WL 1326651, at *1 (6th Cir. Feb. 8, 2018); *Nestorovic v. Metro. Water Reclamation Dist. of Greater Chi.*, No. 18-2562, 2019 WL 2428706, at *3 (7th Cir. June 11, 2019); *Athens Cellular, Inc. v. Oconee Cty., Ga.*, 886 F.3d 1094, 1114 (11th Cir. 2018).

Here, even taking as true Mr. Birbo's implausible story regarding the errant instruction by the clerk's office employee, this Court is still unable to construe his late appeal and OSC response as a Motion for Extension because Mr. Birbo did not file his OSC response within thirty days of the appeal deadline in Rule 4(a)(1)(A). In this case, that deadline would fall on October 20, 2018. Mr. Birbo did not file his OSC response until May 1, 2019.

Furthermore, given that Mr. Birbo filed his OSC response after the Rule 4(a)(5)(A) deadline, construing his late appeal and OSC response as a request for additional time to file an appeal would be tantamount to accepting a late Motion for Extension. Because the Rule 4(a)(5)(A) deadline is prescribed by Congress in 28 U.S.C. § 2107(c), accepting a late Motion for Extension would be an equitable exception to a jurisdictional deadline prohibited by the Supreme Court in *Hamer*. *See* 138 S. Ct. at 21–22. Accordingly, this Court will not construe his late notice of appeal and OSC response as a Motion for Extension.

**B. Even if Mr. Birbo's late appeal and OSC response were construed as a motion, this Court would deny that motion on the merits.**

Even if Mr. Birbo's late appeal and OSC response were construed as a timely Motion for Extension of time pursuant to Rule 4(a)(5)(A), this Court would deny the Motion. A party moving for an extension of time to file an appeal cannot obtain relief unless he shows "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). Mr. Birbo has failed to meet that standard.

"The good cause standard applies in situations in which there is no fault—excusable or otherwise." Fed. R. App P. 4 Advisory Committee's Note to the 2002 Amendment. Courts generally do not find good cause in situations where the need for an extension is occasioned by

something within the movant's control. *Id.*; *see also Burt v. Nat'l Republican Club of Capitol Hill*, 828 F. Supp. 2d 115, 127 (D.D.C. 2011), *aff'd*, 509 F. App'x 1 (D.C. Cir. 2013). "If, for example, the Postal Service fails to deliver a notice of appeal, a movant might have good cause to seek a post-expiration extension." Fed. R. App. P. 4 Advisory Committee's Note to the 2002 Amendment.

Courts generally find excusable neglect in situations where there is fault, and something within the control of the movant occasions the need for an extension. Fed. R. App. P. 4, Advisory Committee's Note to 2002 Amendment. However, courts typically do not find excusable neglect where the tardiness of appeal results from a party's free, calculated, and deliberate choice. *Ackermann v. United States*, 340 U.S. 193, 198, (1950). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Webster v. Pacesetter, Inc.*, 270 F. Supp. 2d 9, 11 (D.D.C. 2003) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). Courts have rejected excusable neglect arguments where a plaintiff files a late motion based on errant advice from a law clerk regarding the deadline. *See id.* at 10; *see also Williams v. Washington Convention Ctr. Auth.*, 481 F.3d 856, 859 (D.C. Cir. 2007); *see also Moore v. S.C. Labor Bd.*, 100 F.3d 162, 164 (D.C. Cir. 1996).

Here, Mr. Birbo has not shown good cause or excusable neglect as required by Rule 4(a)(5)(A). To establish good cause, Mr. Birbo would have to show that his need for an extension was occasioned by something out of his control, such as a post office mistake. His response to the OSC alleges nothing of the sort. *See* USCA 18-7145, Order Resp., March 4, 2019. He instead appears to rely on the theory of excusable neglect based on the alleged errant advice given by the clerk's office employee. *Id.* That argument was already rejected by this

Court in *Webster*. *See* 270 F. Supp. at 11. Further, even if Mr. Birbo was errantly led to believe that his appeal was due September 21, it defies logic that he would leave the courthouse and not file his notice of appeal until the next day. Because there is no downside to filing the notice of appeal one day early, it appears his decision to leave and return the next day to file the appeal was the result of his free, calculated and deliberate choice. Accordingly, this Court does not find that Plaintiff has established the excusable neglect or good cause necessary for an extension of time, even if he had moved for one.

## IV. CONCLUSION

For the foregoing reasons, this Court declines to construe Mr. Birbo's late appeal and OSC response as a timely Motion for Extension and would deny such a motion on the merits regardless.

Dated: July 1, 2019　　　　　　　　　　　　　　　　　　　　RUDOLPH CONTRERAS
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge